

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 28, 1972

Honorable Thomas Bartlett
County Attorney
Falls County Courthouse
Marlin, Texas   76661

Opinion No. M-1104

Re:  Whether certain Certificates
of Obligation of Falls County,
issued by the Commissioners
Court pursuant to Article
2368a.1, V.C.S., may be pur-
chased by the Permanent School
Fund of Falls County?

Dear Mr. Bartlett:

In your recent letter you have requested the opinion of
this department on the following question:

"Whether certain Certificates of Obligation
of Falls County, issued by the Commissioners Court
pursuant to Article 2368a.1, V.A.T.S., may be pur-
chased by the Permanent School Fund of Falls County?"

In answering this question we should first examine the
position of the Falls County Commissioners Court in matters
of this nature.

Article VII, Section 6 of the Texas Constitution states
that the county permanent school lands and the proceeds from
their sale "...shall be held by said counties alone as a
trust for the benefit of public schools..." (Emphasis added).
Section 17.82(b) of the Texas Education Code makes reference
to this trust wherein it states that when school lands are
sold "the proceeds of any such sale shall be invested in
bonds..." and further that "These bonds shall be held by the
county in trust for the benefit of its public free schools,
and only interest thereon may be used and expended annually."

With reference to the investment of the trust proceeds,
Article VII, Section 6 of the Texas Constitution states that
the proceeds can be "invested in bonds of the United States,
the State of Texas, or counties in said state, or in such
other securities," as designated in Sec. 17.82(b) of the
Texas Education Code. Section 6 of Article VII also states
that any such investment will be made "...under such restric-
tions as may be prescribed by law" and that the "counties

-5383-

Honorable Thomas Bartlett, page 2, (M-1104)

shall be responsible for all investments" should there be
any question as to the misuse of funds. County School
Trustees of Brazoria County v. Brazoria County, 240 S.W.
675, 676 (Tex.Civ.App. 1922, no writ.); Comanche County
v. Burks, 166 S.W. 470, 473 (Tex.Civ.App. 1914, error
ref.).

The court in the Comanche County case at page 473,
referring to the actions of a commissioners' court in the
investment of the counties "permanent school fund," states:

"The county for which they act holds the
proceeds as an express trust, and the invest-
ment thereof in the securities named in the
Constitution or otherwise, as may be prescribed
by law, necessarily involves an exercise of
judgment and discretion." (Emphasis added).

The Texas Trust Act, Article 7425b-2, Vernon's Civil
Statutes, defines a "trust" for its purposes as being an
"express trust," and there can be no doubt that the "trust"
in our situation is such a trust. Article 7425b-12 of the
Trust Act clearly states that "a trustee" may not "...buy
nor sell, either directly or indirectly, any property
owned by or belonging to the trust estate, from or to
itself or an affiliate."

It is clear from the language of the Texas Trust Act
that the commissioners court could not sell to the County's
Permanent School Fund bonds or other securities issued by
the county while serving as Trustees of said fund.

It has been brought to our attention in this case that
the Certificates of Obligation which Falls County wishes
to sell to the county's permanent school fund bear interest
at 1/10th of 1 percent per annum.

The only income that the schools within a county receive
as a result of the investments of its "permanent fund" is
the "interest thereon" or other income realized as a result
thereof, all of which make up the County's "available fund."

This presents the additional question of the propriety
of such an investment considering the extremely low interest
rate on these certificates. Article 7425b-46 states "...
the trustee shall exercise the judgment and care under the
circumstances then prevailing, which men of ordinary prudence,

discretion and intelligence exercise in the management of their own affairs..."

It would not seem reasonable that any one of the County Commissioners would invest their personal funds at such a low rate of interest notwithstanding the "prudent man test" and it would seem inconsistent with the manifest purpose of the "permanent fund" to make such an investment.

The court, at page 474, in the Comanche County case made clear the point that "...in the matter of the trust under consideration, we see no reason why the county should not be held to the same rules of law that are applicable to other trustees..." and in that case held the county liable for interest at the then prevailing legal rate on an improper investment. Consequently, great caution should be exercised to insure that the highest prevailing rate of interest, consistent with investment safety, is secured on any investment of county permanent school funds, and that said funds are invested in securities other than those issued by the trustee-commissioners.

### S U M M A R Y

Certificates of Obligation of Falls County, issued by the Commissioners Court, may not be purchased by the Permanent School Fund of Falls County for the Commissioners of said Court are the Trustees of said fund and prohibited by the Texas Trust Act from making such an investment.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert B. Davis
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Honorable Thomas Bartlett, page 4, (M-1104)

John Reeves
Jim Swearingen
John Banks
Bob Lattimore

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant